UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CYNTHIA L. BRAUGHTON,<br><br>                Petitioner,<br><br>   v.<br><br>STATE OF IDAHO,<br><br>                Respondent. | Case No. 1:20-cv-00010-CWD<br><br>**INITIAL REVIEW ORDER** |

Petitioner Cynthia L. Braughton has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court conviction on an infraction. *See* Dkt. 2. The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

**REVIEW OF PETITION**

**1.**     **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine

INITIAL REVIEW ORDER - 1

whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.     Discussion**

Petitioner pleaded guilty to a drug paraphernalia infraction in the magistrate division of the Fourth Judicial District Court in Ada County, Idaho. The judgment of conviction was entered on April 20, 2019. Petitioner was sentenced to probation, but she does not disclose the length of that probation, nor does she state whether she was still on probation at the time she filed the instant Petition.

Petitioner did not file a direct appeal, but she did file two motions for reduction of sentence under Idaho Criminal Rule 35. Dkt. 2 at 1–3.

In the instant Petition for Writ of Habeas Corpus, Petitioner brings two claims. First, she asserts that the magistrate court abused its discretion and violated federal and state law in denying Petitioner's first Rule 35 motion. *Id.* at 8–10. Second, she asserts that the magistrate court violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as well as other provisions of state and federal law.

Petitioner has not included enough facts in the Petition to proceed at this time. Petitioner may file an amended petition within 28 days after entry of the Order. Any amended petition should take into consideration the following.

**A.     *In-Custody Requirement***

In is unclear whether the Court has jurisdiction over Petitioner's habeas case. A federal district court does not have jurisdiction over a habeas corpus case unless the

INITIAL REVIEW ORDER - 2

petitioner is "*in custody* pursuant to the judgment of a State court" when the petition was filed. 28 U.S.C. § 2254(a) (emphasis added); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."); *see also Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[The petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.").

Although a sentence of probation satisfies the in-custody requirement, *see Fowler v. Sacramento Cty. Sheriff's Dep't*, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005), it is unclear whether Petitioner had completed her term of probation before she filed the instant Petition. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) ("A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of this court's subject matter jurisdiction."). If Petitioner files an amended petition, she must disclose the duration of her probation and indicate whether, on January 6, 2020—the date of filing—she remained on probation.

### B.  *Insufficient Factual Allegations and Potentially Noncognizable Claims*

Even if the Court has subject matter jurisdiction, the Petition does not include enough facts to permit Petitioner to proceed at this time. Neither of the two claims presented in the Petition describe what, precisely, Petitioner is alleging. Petitioner does

INITIAL REVIEW ORDER - 3

not describe the actions of the court that she contends violated her rights. In any amended petition, Petitioner must identify the specific actions of which Petitioner complains.

Additionally, it appears that the portions of Petitioner's claims that assert state law violations—including the entirety of Petitioner's first claim—are noncognizable, meaning that they cannot be heard in federal habeas corpus. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Specifically, a claim that a state court committed error during post-conviction proceedings is not a federal claim upon which a habeas petitioner may proceed. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

Petitioner's first claim asserts that the magistrate court committed error when it denied Petitioner's Rule 35 motion. In Idaho, a Rule 35 motion for reduction of sentence is a state law procedural mechanism, in some ways similar to a post-conviction application, that is not necessarily a part of the direct review process.[1] A Rule 35 motion, although generally filed in the underlying criminal case, requires a collateral reexamination of the sentence and, therefore, qualifies as a state collateral proceeding. *See Wall v. Kholi*, 562 U.S. 545, 555–56 (2011) (holding that motion for reduction of sentence under Rhode Island Criminal Rule 35 constituted a "collateral" proceeding for purposes of statute of limitations). Therefore, in addition to all portions of both claims that assert violations of state law, Claim One appears subject to dismissal, in its entirety, as noncognizable.

---

[1] For example, Petitioner did not appeal her conviction and sentence, but she did appeal the denial of her Rule 35 motion. *See* Dkt. 2 at 2, 4.

INITIAL REVIEW ORDER - 4

Petitioner should keep the above standards in mind if she files an amended petition.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee within 28 days after entry of this Order.

2. Also within 28 days after entry of this Order, Petitioner must file an amended petition as described above. If Petitioner fails to file a timely amended petition, or if it appears from the face of the amended petition that Petitioner is not entitled to relief, this case may be dismissed without further notice.

3. The Clerk of Court will provide Petitioner with this Court's form § 2254 petition. Petitioner is encouraged and expected to use that form to draft any amended petition.

DATED: April 21, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge