UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CYNTHIA L. BRAUGHTON,<br><br>                Petitioner,<br><br>   v.<br><br>STATE OF IDAHO,<br><br>                Respondent. | Case No. 1:20-cv-00010-CWD<br><br>**SUCCESSIVE REVIEW ORDER** |

On April 21, 2020, the Court reviewed Petitioner Cynthia L. Braughton's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. *See* Initial Review Order, Dkt. 7. Because it was unclear whether Petitioner was "in custody" when she filed the instant petition, as required for jurisdiction under 28 U.S.C. § 2254(a), the Court instructed Petitioner to amend the Petition. Although Petitioner has now filed an Amended Petition, it still is unclear whether Plaintiff was on probation, and therefore "in custody," at the time she filed the initial petition.

The Judgment of Conviction, which Petitioner has attached to the Amended Petition, is ambiguous as to Petitioner's sentence. In fact, the judgment does not clearly show that Petitioner was ever placed on probation. The "Probation Conditions" box on the judgment is not checked, and there is no expiration date listed for any probation term. *See* Att. A to Petition, Dkt. 9 at 32. But, the "No new crimes" box—which is set within

SUCCESSIVE REVIEW ORDER - 1

the "Probation Conditions" section of the judgment—*is* checked, indicating that Petitioner may indeed have been placed on probation.

Petitioner asserts that she was, in fact, sentenced to probation, but that the term of probation was never specified. She claims that the end date of her probation was to "be determined by a probation officer or in this federal habeas corpus proceedings." Dkt. 9 at 2.

The Court will assume, at this point in the proceedings, that Petitioner was sentenced to probation. However, even after that assumption, it remains unclear whether the Court has jurisdiction over the Petition.

Under Idaho law, the maximum term of probation cannot exceed the maximum term of incarceration that could have been imposed on the defendant. Idaho Code § 20-222(1); *Muchow v. State*, 128 P.3d 938, 940 (Idaho 2006) ("[H]ere, the maximum imprisonment term for felony driving under the influence is five years. Therefore, Muchow could be placed on probation for a period not exceeding five years."). The statutory maximum sentence for Petitioner's conviction on her misdemeanor drug paraphernalia charge was one year. *See* Idaho Code § 37-2734A. Therefore, if Petitioner was indeed placed on probation, her term of probation should have ended on April 20, 2019—one year after the judgment was entered and months before Petitioner filed the instant action on January 6, 2020. In such a case, the Court would lack jurisdiction over the Petition. *See Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). But,

based on Petitioner's statements and the ambiguous judgment of conviction, the Court needs more information to determine its own jurisdiction.

Accordingly, Respondent will be required to respond to the Amended Petition, indicating (1) whether Petitioner received probation for her April 20, 2019 drug paraphernalia conviction, and (2) if so, the term of that probation.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court will serve (via ECF) a copy of the Amended Petition (Dkt. 9), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. **Within 60 days** after service of the Petition, Respondent must submit a notice to the Court with respect to Petitioner's sentence as described above. Respondent must also lodge any state court records Respondent believes are relevant to the limited jurisdictional issue identified in this Order. Respondent need not lodge any other state court records, or otherwise respond to the Petition, unless ordered to do so by the Court.

DATED: June 3, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge